Tompkins, J.,
delivered the opinion of the Court.
On 23d August, 1823, Bell sued Glover, on a note for $646 29, and summoned Paul and Ingram as garnishees. Brown and Ross interpleaded, and claimed $248, which Ingram admitted to be in his hands, belonging to Glover. Judgment against Brown and Ross, interpleaders, and to reverse this judgment they come here. From *409 the hill of exceptions, saved on the trial, it appears, that in 1821, the interpleaders consigned to Wahrendorff a quantity of hrandy to he sold, and that some time in the same year, Glover applied to Wahrendorff for the brandy, and presented to him a letter from Brown and Ross, introducing him, Glover, as their agent, and requesting Wahrendorff to deliver thebrandy to Glover. Wahrendorff delivered it accordingly. It was further proved, that in 1821, Glover admitted he -had sold part of the hrandy to Bennet and Waddle, or to Waddle and Ramsey. Brown and Ross then offered in evidence, a receipt in these words, viz ; St. Louis, October 27th, 1821. Received of Samuel Glover, Bennet and Waddle’s.order for $248, for collection; also, Thos. W. Thruston’s note for $82 30, which, when paid, we promise to pay to him or to his order. (Signed,) Paul & Ingram, by Henry Reily. (Reily was their clerk.) Reily also proved, that Glover had never demanded the money; and Wahrendorff proved, that this receipt was put into his hands in the autumn of 1822, by Brown and Ross, and that he was requested to call on Paul and Ingram for the money, and that he did ■demand it before the commencement of this suit. Letters of Brown and Ross, in which they assert their claim to this money, were offered in evidence. The counsel for the plaintiff applied to the Court to instruct the jury, -that admissions of Glover, 'in 1821, and the receipt and letters of the interpleaders, were inadmissibleas evidence and the Court gave the instructions. It is most clear, that the admissions of Glover •would have been admissible, had-he been defendant in an action, brought against him for money had and received, after Brown and Ross had proved he had received this money; and will it be contended, that Bell, by attaching this money, in the hands of Paul and Ingram, and thereby forcing Brown and Ross to interplead, shall deprive them of such evidence as would have availed them, had they sued Glover? This action is, in effect, a suit by Brown and Ross against Glover ; and Bell has undertaken to dispute the claim of Brown and Ross, in order to secure his own demand; and this Court will not place him on better ground than Glover would have occupied had he defended the action in person.
The naked possession of the receipt, is no evidence of property in Brown and Ross. But when we consider that Glover received the brandy as their agent, and that he admitted he had sold part of the brandy to Waddle and Bennet, and that Brown and Ross put the receipt -into the hands of Wahrendorff, and claiming the money, directed him to receive it, long before this suit was begun; and, moreover, when we consider that Glover has never claimed this money from Paul and Ingram, we are .clear that this receipt ought to be admitted. The letter of Brown and Ross, introducing Glover to Wahrendorff as their agent, is admissible as evidence furnished by Glover against himself, and the other letters, written before the commencement of this suit, are admissible, to prove that they claimed the money before this suit was brought, but not that they have a right to it. In other words, the jury may have the letters, to prove the absence of fraud on the part of the interpleaders.
The judgment is reversed, as to the interpleaders, and the Circuit Court is required to admit the above evidence, if again offered, and to instruct the jury conformably with this opinion. The cause is remanded for further proceedings.